GEORGE L. MCCARTER V. J. D. COVER, APPELLEE: JOHN J. MCCARTER, APPELLANT.

FILED MARCH 25, 1932. NO. 28178.

*York & York,* for appellant.

*Nye & Nye, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and PAINE, JJ.

DEAN, J.

This action was begun by George L. McCarter, in the district court for Buffalo county, against J. D. Cover to recover the value of a truck and also certain rent of a bakery. Both the truck and the bakery were received as part payment by the plaintiff in the sale by him to the defendant of a certain lot in Lexington. The defendant filed a cross-petition against the plaintiff and John J. McCarter wherein the defendant alleged a breach of warranty in the deed to the lot in Lexington above named. Judgment was entered in favor of Cover on his cross-petition and against John J. McCarter for $400 with interest at the rate of 7 per cent. per annum from November 2, 1929, as damages for the alleged breach of the covenants of the deed in question. McCarter has appealed.

As grounds for reversal, McCarter contends that the cross-petition fails to state a cause of action and that the measure of damages is incorrect and that the judgment is not supported by sufficient evidence. Upon an examination of the above assignments of alleged error, however, we think they are without substantial merit.

The evidence discloses that a house and certain other buildings on the lot adjoining the one in Lexington that was sold to Cover encroach upon the Cover property and that such encroachment was known and admitted by the parties herein when the sale was negotiated. It is Cover's contention, however, that McCarter represented to him that the buildings on the adjoining lot encroached only a few inches and that McCarter agreed to remove such encroachments. But, after the deed was executed, the city engineer of Lexington was employed by Cover to make a survey of the lots and, from his evidence, it appears that a chicken house on the adjoining lot extends three feet over the boundary, and that a coal house extends three feet on one side and six feet and three inches on the other side, and that a dwelling-house extends one foot and four inches on the north side and two feet and two and one-half inches over the boundary of the Cover property on the south side. Cover thereafter demanded that the encroachments be removed, but McCarter failed to comply therewith.

We cannot, of course, lose sight of the elementary proposition that "The findings of the trial judge in an action at law tried by the court without the intervention of a jury are entitled to the same weight as the verdict of a jury, and, if supported by sufficient competent evidence, will not be disturbed by this court." *Manville v. Park,* 108 Neb. 285.

We conclude that the judgment is supported by the evidence. Nor does reversible error appear herein. The judgment is

AFFIRMED.